## SPENCER v. BOARD OF EDUCATION OF MURRAY CITY

No. 4396.   Decided September 4, 1926.   Rehearing Denied December 27, 1926.   (250 P. 392.)

*David W. Moffat,* of Murray, for appellant.

*C. E. Norton,* of Salt Lake City, for respondent.

STRAUP, J.

The plaintiff brought this action against the board of education of Murray City to recover from it $200 alleged by him to be the reasonable value of plans and specifications, which, he alleged, were prepared and furnished by him to the board at its instance and request, to be used in the alteration of a school building and in installing a heating and ventilating system therein. The defendant denied the material allegations of the complaint. The case was tried to the court, who rendered judgment in favor of the plaintiff in the sum of $125, from which the defendant has prosecuted this appeal, contending that the findings and judgment are against and not supported by the evidence.

The plaintiff was a salesman of the Mine & Smelter Supply Company, who among other things, dealt in plumbing specialties and in selling heating and ventilating systems known as the I. S. C. System. Learning of the contemplated work of the board, he appeared before it with a view of inducing it to install his system of heating and to sell his product to it. With such purpose, he exhibited to the board

samples of his system, and discussed and explained its char-
acter and advantages; but his testimony does not show that
the board entered into any negotiations with him with re-
spect to the system, nor with respect to preparing or submit-
ting to the board any kind of plans or specifications, either
as to the heating system, or otherwise. Nor does the plain-
tiff claim that any such negotiations were had with the
board. All he claims in such respect is that he told the
board "that if at any time they wanted the system they
could call him up, and he would design them a system and
install it, if necessary." He doesn't claim that the board or
any member of it expressed any desire to use or install the
system, or that the board promised or agreed to call on him
in the future. Nor does the plaintiff claim that he had any
further interview with the board. He himself testified that
his purpose in going to the board was to sell his product and
to induce the board to install his system, and further testi-
fied that the board "at no time requested him to prepare
plans or specifications." Later, the board directed Sabine,
one of its members and who had charge and control of the
buildings and of altering and constructing them, to prepare
plans and specifications for bids and upon which to make
the alterations. The plaintiff testified that Sabine, with
whom he had several conversations with respect to the heat-
ing plant, came to him and asked him to draw up plans and
specifications specifying the installation of plaintiff's sys-
tem, and that he told Sabine that, if his system were adopted
and installed, he would not charge anything for plans drawn
by him. Sabine testified:

"With the object of installing and selling the system, the plaintiff
volunteered to prepare plans and specifications specifying the instal-
lation of his system, but that, in no event, was the plaintiff to be paid
for making or submitting any drawings or plans."

It is not of much importance whether the facts in such
respect be found as testified to by the plaintiff or by Sabine.
No claim is made by plaintiff that the board had knowledge

of any such arrangements, as testified to by him. In preparing and submitting plans and specifications to the board, Sabine used a part of the drawings submitted to him by the plaintiff, the portion relating to his heating system, which, in the plans prepared and submitted by Sabine, was specified to be used and installed. Upon such drawings and plans, bids were solicited and obtained. But the board had no knowledge that any part of the plans were from drawings which the plaintiff had submitted to Sabine. Thereafter, upon further investigation by the board, it found that it was to its advantage not to put in plaintiff's system of heating, but another system equally serviceable and at less cost, and directed a modification of the plans in such particular. Thus what the plaintiff had prepared was not used, nor was his system installed, and thus he was unsuccessful in selling his product to the board, and now claims it ought to pay him for the plans which he designed and submitted to Sabine, but which, in the work done and in installing the heating plant, were not used by the board. On the record, it is manifest that the plaintiff did not, as he alleged in his complaint, *at the instance and request of the board,* prepare or furnish it plans or specifications for the contemplated work, and that the object he had in the premises was not to prepare or furnish plans or specifications, but to induce the board to install his system and to purchase the material and equipment from or through him, and that whatever drawings or plans were made by him were made with and for such purpose. He himself testified that, had the board installed and used his system and purchased the equipment or material through or from him, no charges would have been made for whatever drawings or plans were made by him. But he did not, nor did any one on his behalf, testify that there was any agreement or understanding with the board, or with any one on its behalf, that, in the event his drawings were not used, he was to be paid for them. We think there is a want of evidence to support the allegations of plaintiff's complaint that he prepared or furnished any

kind of plans, drawings, or specifications at the instance or request of the board, or that his plans were used by the board in the prosecution of the work or in installing the heating system which was installed.

The judgment is therefore reversed and the cause remanded for a new trial. Costs to appellant.

GIDEON, C. J., and THURMAN, FRICK, and CHERRY, JJ., concur.